IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Casse A. Dusenburry,                            :

        Plaintiff            :   Civil Action 2:07-cv-00801

v.                                              :   Judge Sargus

Michael J. Astrue, Commissioner
of Social Security,                             :   Magistrate Judge Abel

        Defendant

                                                          :

**ORDER**

      This matter is before the Court on plaintiff's June 30, 2008 objections to Magistrate Judge Abel's June 13, 2008 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Dusenburry is not disabled within the meaning of the Act. The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

      The Court first notes that both counsel have done an admirable job of briefing this case. Both positions are well set forth and articulated.

      Plaintiff contends that the Magistrate Judge's Report and Recommendation improperly relied on post hoc rationalizations that the administrative law judge never articulated. Plaintiff maintains that a reviewing court must judge the propriety of the

actions of the administrative law judge solely on the grounds for his decision. In particular, Dusenburry maintains that the administrative law judge failed to evaluate Dr. Strakowsi's medical opinion that Dusenburry should avoid sitting on surfaces with hard or sharp edges. Although the Magistrate Judge acknowledged that the administrative law judge failed to mention Dr. Strakowski's recommendation that she avoid sitting on surfaces with hard or sharp edges, he recommended that the Court affirm residual functional capacity formulated by the administrative law judge. Instead, the Magistrate Judge relied upon the fact that the administrative law judge considered the May 2005 EMG results. Plaintiff maintains that these results are consistent with Dr. Strakowski's opinion concerning seating surfaces. Plaintiff also argues that even if the administrative law judge was not required to adopt an opinion, he was not relieved from his duty to evaluate such opinion. Plaintiff contends that the Magistrate Judge implied there was a conflict in the evidence between those physicians who addressed seating surfaces and those that did not and that the administrative law judge was entitled to resolve such conflicts.

The administrative law judge adequately considered the opinion of Dr. Strakowski. He discussed the findings of the May 2005 EMG and noted that it revealed moderate to severe generalized axonal and demyelinating sensorimotor peripheral neuropathy and right tibial and peroneal neuropathies in the distal thigh/knee, consistent with diabetes mellitus. *See* R. 17. Although Dr. Strakowski advised Dusenburry

to avoid sitting on surfaces with hard or sharp edges, he was not making any determination with respect to her ability to engage in work-related activities. He also advised her to sit without crossing her legs, which means he assumed she could sit with those restrictions. Plaintiff simply places too much emphasis on his statement regarding hard or sharp edges. No other doctor opined that plaintiff's ability to sit was in any way restricted. Drs. Grodner and Davis opined that Dusenburry had the ability to sit consistent with the demands of sedentary work. (R. 214, 525-26.) Plaintiff's objection is overruled.

Dusenburry also objects to the Magistrate Judge's recommendation that she had no residuals from her right hand surgery. The administrative law judge relied on the opinion of Dr. Grodner, who performed an independent consultative examination and observed that the claimant grasped and manipulated with each hand without difficulty. (R. 212.-13.) The administrative law judge rejected the opinions of Drs. Dross and Weisenburger because they did not have the opportunity to observe, examine, or treat plaintiff. Nor did they have the complete evidence of record. Consequently, the Magistrate Judge did not err when he concluded that substantial evidence supports the administrative law judge's residual functional capacity assessment with respect to Dusenburry's ability to use her right hand.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **DENIED.** Defendant's motion for summary judgment is **GRANTED.** The decision of the Commissioner is **AFFIRMED.** The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant. This action is hereby **DISMISSED.**

8-14-2008

Edmund A. Sargus, Jr.
United States District Judge

4